1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID RAY WILLIAMS,

11          Plaintiff,                    No. CIV S-07-0431 LKK DAD PS

12          v.

13   C.S.P. SOLANO STATE PRISON
     MEDICAL STAFF, et al.,               ORDER
14
            Defendants.
15   _____/

16          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned in

18   accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted an application that makes the showing required by 28

20   U.S.C. § 1915(a)(1).  Accordingly, plaintiff's application to proceed in forma pauperis will be

21   granted.

22          The determination that plaintiff may proceed with this case in forma pauperis does

23   not complete the required inquiry.  Under § 1915(e)(2), the court is required to dismiss an in

24   forma pauperis case at any time if the allegation of poverty is untrue or if the action is frivolous

25   or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

26   against an immune defendant.  A claim is frivolous when it lacks an arguable basis either in law

1

1  or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't,

2  901 F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff

3  must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic

4  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

5          In considering whether a complaint states a cognizable claim, the court accepts as

6  true the material allegations in the complaint and construes the allegations in the light most

7  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.

8  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

9  (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable

10 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

11 624 (9th Cir. 1981).

12          Although pro se pleadings are held to a less stringent standard than those drafted

13 by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), even a pro se pleading must contain "(1)

14 a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a

15 short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

16 demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  Although the

17 Federal Rules adopt a flexible pleading policy, a complaint must give each defendant fair notice

18 of the plaintiff's claims against the defendant.  The plaintiff must allege with at least some degree

19 of particularity overt acts which the defendant engaged in that support the plaintiff's claims.  See

20 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

21          Here, plaintiff is a former state prisoner who seeks $15 million in compensatory

22 damages and $5 million in punitive damages from medical staff at California State Prison -

23 Solano.  Plaintiff alleges that Nurse Practitioner Martin and Drs. Noriega, Naku, Tan, Rohrer

24 (sued as Rohere),[1] and Traquina showed deliberate indifference to plaintiff's medical needs in

25

26          [1] Attachments to plaintiff's complaint reflect that the correct spelling is "Rohrer."

1   2006.  The court's records reflect that plaintiff has filed numerous suits concerning his medical

2   care while in state custody.[2]

3              Plaintiff previously sued Drs. Noriega, Naku, and Rohrer, along with other

4   defendants, in case No. CIV S-04-2559 LKK KJM P, which is currently proceeding solely on

5   plaintiff's claims against Dr. Rohrer concerning events that allegedly occurred at California State

6   Prison - Solano in 2003.  In addition, plaintiff previously sued Drs. Traquina, Naku, and Rohrer

7   in case No. CIV S-06-1474 LKK GGH P, in which plaintiff's first amended complaint

8   concerning events that occurred at California State Prison - Solano from 2003 through 2005 was

9   dismissed on October 23, 2007 with thirty days' leave to file a second amended complaint.  On

10  March 5, 2007, plaintiff filed the present case together with case No. CIV S-07-0432 GEB EFB

11  PS, in which plaintiff has sued Drs. Rohrer and Traquina, as well as two other medical staff

12  members, concerning events that occurred between December 2005 and April 2006.  On July 31,

13  2007, plaintiff was ordered to provide the United States Marshal with documents for service on

14  the four defendants in that case.

15             The Civil Rights Act under which this action was filed provides as follows:

16        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
17        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
18        law, suit in equity, or other proper proceeding for redress.

19  42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each

20  defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v.

21  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

22             "A person 'subjects' another to the deprivation of a constitutional right, within the

23  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

24  omits to perform an act which he is legally required to do that causes the deprivation of which

25

26        [2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
     803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

2  personnel are generally not liable under § 1983 for the actions of their employees under a theory

3  of <u>respondeat</u> <u>superior</u> and, therefore, if a defendant holds a supervisorial position, the causal link

4  between that defendant and the claimed constitutional violation must be specifically alleged.  <u>See</u>

5  <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th

6  Cir. 1978).

7          In the present case, plaintiff alleges that six individuals deprived him of his right

8  to adequate medical care on specific dates in 2006.  A prisoner's claims of deliberate indifference

9  to medical needs arise under the Eighth Amendment.  To state an Eighth Amendment claim, the

10  prisoner must allege facts showing that objectively he suffered a sufficiently serious deprivation

11  of the right not to be subjected to cruel and unusual punishment and that subjectively each

12  defendant had a culpable state of mind when he or she caused or allowed the serious deprivation

13  to occur.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99

14  (1991).  The culpable state of mind that must be shown is one of deliberate indifference to the

15  prisoner's needs.  <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 299.  Neither accident nor

16  negligence constitutes cruel and unusual punishment.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319

17  (1986).

18          To meet the applicable standards, a plaintiff who claims that prison staff denied

19  medical care or provided inadequate medical care must allege "acts or omissions sufficiently

20  harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429

21  U.S. 97, 106 (1976).  A claim of constitutionally inadequate medical care has two elements:  "the

22  seriousness of the prisoner's medical need and the nature of the defendant's response to that

23  need."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992).  A medical need is serious "if

24  the failure to treat the prisoner's condition could result in further significant injury or the

25  'unnecessary and wanton infliction of pain.'"  974 F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at

26  104).  Indications of a serious medical need include "the presence of a medical condition that

1   significantly affects an individual's daily activities." Id. at 1059-60.  In addition to alleging facts

2   demonstrating the seriousness of his medical need, the prisoner must allege facts demonstrating

3   that each defendant responded to the serious medical need with deliberate indifference.

4   Allegations demonstrating deliberate indifference are required in order to satisfy the subjective

5   prong of the two-part test applicable to an Eighth Amendment claim.  Farmer, 511 U.S. at 834.

6          Before it can be said that a prisoner's civil rights have been abridged with regard

7   to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

8   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

9   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate

10  indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

11  ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835

12  (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  Mere differences of opinion between a

13  prisoner and prison medical staff as to proper medical or mental health care do not give rise to a

14  § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

15  F.2d 1337, 1334 (9th Cir. 1981).

16         The undersigned has reviewed plaintiff's claims pursuant to the Eighth

17  Amendment standards set forth above.  Plaintiff alleges that he was seen by Nurse Practitioner

18  Martin on April 14, 2006, for complaints of abdomen, back, and knee pain.  He wanted the nurse

19  to increase the dosage of a medication he was taking, but she prescribed a different medication.

20  On May 31, 2006, plaintiff was again seen by defendant Martin and complained of abdomen and

21  back pain.  Plaintiff stated that the new medication was causing pain in his chest area.  Defendant

22  Martin discontinued the new medication.  Plaintiff contends that defendant Martin showed

23  deliberate indifference to his medical condition on April 14, 2006, by taking him off a

24  medication that "worked," allegedly "because it would be cheaper to afford when plaintiff

25  paroled," and again on May 31, 2006, when she discontinued the new medication but did not

26  prescribe anything for pain at that time.  Although plaintiff alleges that he did not receive

5

1   anything for abdominal pain for 90 days after May 31, 2006, plaintiff's allegations reveal that he
2   was seen by two doctors during that period of time and that pain medications were prescribed.
3   (Compl. at 2-3.)

4           The undersigned assumes for screening purposes that plaintiff's pain constituted a
5   serious medical need on April 14, 2006, and May 31, 2006.  The undersigned finds that
6   plaintiff's allegations do not demonstrate deliberate indifference by defendant Martin on either
7   date.  Although plaintiff now claims that the first medication "worked," that assertion is
8   inconsistent with plaintiff's allegation that he was seen on April 14, 2006, for complaints of
9   abdomen, back, and knee pain.  Similarly, plaintiff claims that defendant Martin acted with
10  deliberate indifference on May 31, 2006, when she discontinued the new medication, but she did
11  so after plaintiff complained that the medication caused chest pain.  Defendant Martin's alleged
12  failure to prescribe pain medication for 90 days after May 31, 2006, is contradicted by the fact
13  that plaintiff was seen in June and July 2006 by doctors who prescribed medication.  Plaintiff's
14  allegations suggest, at most, a mere difference of opinion between plaintiff and defendant Martin
15  concerning his medication.

16          With regard to Drs. Noriega, Naku, Tan, and Rohrer, plaintiff alleges that all four
17  physicians showed deliberate indifference to his need for pain medication for his knee, although
18  one doctor ordered medication for plaintiff on June 30, 2006 and another doctor re-ordered the
19  medication on July 25, 2006 after plaintiff reported that he had not received it.  Plaintiff
20  "allege[s] and accuse[s]" all four doctors "of not signing and or making sure that the farmacy
21  [sic] did there [sic] job."  Plaintiff contends that the doctors acted with deliberate indifference.
22  (Id. at 3.)  Plaintiff has sued the doctors on the basis of their alleged supervisory capacity relative
23  to pharmacy staff, but plaintiff has not alleged a specific causal link between any doctor and
24  pharmacy staff.  Moreover, plaintiff has not alleged facts showing that each defendant had a
25  culpable state of mind when he caused or allowed a constitutional deprivation to occur.
26  /////

1    Plaintiff further alleges that Drs. Noriega, Naku, and Rohrer were deliberately

2  indifferent to plaintiff's back pain on July 25, 2006, and July 28, 2006, "because plaintiff [sic]

3  back pain and problems were never mention [sic] and or addressed" in the first level response to

4  his inmate appeal.  (Id. at 3.)  Plaintiff's complaint includes a copy of his inmate appeal, in which

5  he asked to "be put back on Neorontin [sic] and that I see a neorologist [sic] to see what he can

6  give me for the constant lower back pain."  (Id., Ex. at 3.)  The first level response reflects that

7  plaintiff requested "to be placed back on Neurontin [sic] and . . . to be referred to a neurologist,

8  who can help alleviate your pain."  (Id., Ex. at 8.)  Plaintiff was interviewed by Dr. Rohrer, and

9  an inquiry was conducted, including a review of plaintiff's health record.  (Id., Ex. at 9.)  Plaintiff

10  was receiving Prilosec and was to begin receiving Etridolac, a non-steroidal medication

11  recommended by a surgical consultant.  A determination was made that a referral to a neurologist

12  was not medically indicated.  The appeal was partially granted in that plaintiff was prescribed

13  Neurontin, as he requested.  (Id.)  According to Dr. Naku, plaintiff indicated that he was satisfied

14  with the response to his appeal.  (Id.)  Plaintiff's allegations do not support his claim that the first

15  level appeal response failed to mention or address the problems identified in his inmate appeal

16  and fall far short of demonstrating a serious deprivation of the right not to be subjected to cruel

17  and unusual punishment.  Furthermore, plaintiff has not alleged facts showing that any defendant

18  had a culpable state of mind with regard to the first level response to the inmate appeal.

19    Finally, plaintiff alleges that Chief Medical Officer Traquina violated plaintiff's right to

20  due process, was deliberately indifferent, and attempted to manipulate the facts about documents

21  and testing performed in July 2006 when he did not allow "plaintiff [sic] right knee to be fixed

22  before he paroled, and just to aleviate [sic] the pain."  (Id. at 4.)  Plaintiff has not alleged any

23  facts that suggest a violation of due process, and the vague references to documents and testing

24  do not demonstrate deliberate indifference by Dr. Traquina.  In the second level response to

25  plaintiff's inmate appeal, Dr. Traquina advised plaintiff concerning the procedure for obtaining a

26  /////

1   surgery referral.  Plaintiff has not alleged that he submitted a Form 7243 to his primary care

2   physician for evaluation or that the physician recommended surgery.

3          The undersigned finds that plaintiff's complaint fails to state a cognizable Eighth

4   Amendment claim against any defendant.  Plaintiff's own allegations and exhibits show that

5   medical staff addressed his medical needs continuously during the months at issue.  Plaintiff,

6   who is not a physician, merely disagrees with the treatment provided.  In the absence of a

7   cognizable claim, the complaint will be dismissed for failure to state a claim upon which relief

8   can be granted.  While it does not appear likely that plaintiff can state a cognizable claim, the

9   court will grant plaintiff leave to file an amended complaint.

10          If plaintiff chooses to amend his complaint, he must allege facts demonstrating

11   that the defendants' conduct violated the Eighth Amendment standards set forth in this order.

12   The amended complaint must show how each named defendant's acts or omissions resulted in a

13   deprivation of the right to constitutionally adequate medical care.  There can be no liability under

14   42 U.S.C. § 1983 absent an affirmative link between each defendant's actions and the claimed

15   deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

16   Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

17   allegations of official participation in civil rights violations will not suffice.  See Ivey v. Board of

18   Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's amended complaint must be complete in

19   itself without reference to his original pleading, and the original complaint will be superseded by

20   the amended complaint.  See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

21          IT IS HEREBY ORDERED that:

22          1.  Plaintiff's March 5, 2007 application to proceed in forma pauperis is granted;

23          2.  Plaintiff's complaint is dismissed with leave to amend; and

24          3.  Plaintiff is granted twenty (20) days from the date of service of this order to

25   file a first amended complaint that complies with the requirements of the Civil Rights Act, the

26   Federal Rules of Civil Procedure, and the Local Rules of Practice; the first amended complaint

1  must bear the case number assigned to this case and must be labeled "First Amended

2  Complaint"; failure to file a first amended complaint that complies with this order will result in a

3  recommendation that this action be dismissed for failure to state a claim upon which relief may

4  be granted.

5  DATED: November 20, 2007.

6

7

8  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

9  DAD:kw
   Ddad1\orders.prose\williams0431.ifpgr.lta

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26